# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEON BROYLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 12-cv-07702 |
| ) | |
| ZACH ROECKEMAN, Warden, ) | |
| Big Muddy River Correctional Center, ) | Judge Robert M. Dow, Jr., |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondent Zach Roeckeman's motion to dismiss [7] Petitioner Leon Broyles's petition for a writ of habeas corpus [1] on the ground that the petition is time barred under the one-year statute of limitations that applies to federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons stated below, Respondent's motion [7] is granted.

**I.    Background**

A jury convicted Petitioner of murder, attempted murder, and home invasion on April 23, 1999. On June 10, 1999 Petitioner was sentenced to 43 years' imprisonment for the murder count, a consecutive term of 6 years for the attempted murder count, and a concurrent term of 6 years for the home invasion count. Petitioner filed a direct appeal challenging his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Illinois Appellate Court affirmed his sentence on June 22, 2001. The Illinois Supreme Court denied his petition for leave to appeal on October 3, 2001. The United States Supreme Court denied Petitioner's petition for a writ of certiorari on February 25, 2002. *Broyles v. Illinois*, 534 U.S. 1164 (2002).

Approximately six weeks later, on April 10, 2002, Petitioner filed a postconviction petition in state court. The trial court denied the petition on April 14, 2005. The Illinois Appellate Court affirmed on January 31, 2007. The Appellate Court denied Petitioner's petition for rehearing on March 12, 2007. Petitioner then sought leave to appeal to the Illinois Supreme Court. That petition was denied on September 26, 2007. The United States Supreme Court denied Petitioner's petition for a writ of certiorari on June 23, 2008. *Broyles v. Illinois*, 554 U.S. 923 (2008).

On January 6, 2009, Petitioner filed in the trial court a motion for leave to file a successive postconviction petition. The trial court denied the motion on March 6, 2009. The Appellate Court affirmed on May 18, 2011. The Illinois Supreme Court denied leave to appeal on September 28, 2011. Petitioner attempted to file a petition for a writ of certiorari in the United States Supreme Court but his petition was rejected as "out-of-time" on January 9, 2012.

Petitioner claims to have filed a petition for habeas corpus in state court on December 21, 2009. (The certified statement of conviction/disposition submitted by Respondent suggests that he filed a motion for a writ of habeas corpus on December 20, 2010.) He reports that the petition was denied on February 7, 2011, which comports with the certified statement of conviction/disposition. According to that statement (but not to either Petitioner or Respondent), Petitioner appealed the denial of his state habeas petition in April 2011, and the Appellate Court affirmed the denial on December 21, 2011. The Illinois Supreme Court appears to have affirmed on October 4, 2012.

Petitioner filed the instant petition for federal habeas corpus relief on September 26, 2012. [1]. He asserts four grounds for relief: (1) his confession that was used against him at his trial was coerced; (2) one of the jurors at his trial remained on the jury after she disclosed that

she knew one of the state's witnesses; (3) his trial counsel was ineffective for failing to move to suppress his allegedly coerced confession; and (4) the jury was improperly instructed such that he was convicted in violation of the double jeopardy clause.

Respondent has moved to dismiss the petition as time-barred [7].

**II.     Analysis**

The sole question raised in Respondent's motion is whether the petition should be dismissed as untimely under the one-year statute of limitations for Section 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
> (A)     the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

3

Petitioner does not allege a state-created impediment to filing, a newly recognized and retroactive constitutional right, or an inability to discover the factual predicates of his claim. See 28 U.S.C. § 2244(d)(1)(B)-(D). Respondent thus argues only that the date on which Petitioner's conviction became final by the expiration of time for seeking review is the only applicable date on which to begin the one-year limitations period set forth in § 2244(d)(1). See 28 U.S.C. § 2244(d)(1)(A). Petitioner responds simply that he "has continuously sought review of his cause and adding all time, including the time tolled, Petitioner asserts that he is not late." [10] at 2.

Petitioner's conviction became final on February 25, 2002, the date that the United States Supreme Court denied his first petition for a writ of certiorari. See *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review' – when this Court affirms a conviction on the merits or denies a petition for certiorari."). Petitioner's one-year clock thus began running on February 25, 2002. Time ran for approximately six weeks before Petitioner stopped the clock by properly filing a petition for state postconviction relief on April 10, 2002. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The Supreme Court has explained that an application for post-conviction relief is "pending" for purposes of stopping the § 2244(d)(1) clock "as long as the ordinary state collateral review process is 'in continuance' – *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Additionally, "[t]he time that an application for state postconviction review is 'pending' includes the period between (1) a

lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original).

Thus, the one-year clock remained stopped until June 23, 2008, when the United States Supreme Court denied Petitioner's second petition for a writ of certiorari. *Broyles v. Illinois*, 554 U.S. 923 (2008). Although Petitioner filed a motion for leave to file a successive postconviction petition on January 6, 2009, the clock did not stop at that time. "[W]here state law requires pre-filing authorization – such as an application to file a successive petition – simply taking steps to fulfill this requirement does not toll the statute of limitations. Instead, the second petition tolls the limitations period only if the state court grants permission to file it." *Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) (citation omitted). The Seventh Circuit has applied this holding explicitly to successive postconviction petitions filed in Illinois: "the period during which a request to file a successive petition is pending in Illinois state court does not toll the statute of limitations under § 2254 unless permission is granted." *Id.* at 639. Because Petitioner was never granted permission to file his successive postconviction petition, his request was not a properly filed postconviction action that could or did toll the statute of limitations period under § 2244(d)(2). See *id.* His one-year time period therefore expired on or about May 11, 2009. Petitioner's habeas petition, filed more than three years later, is untimely. The same would be true even if time were tolled during the pendency of Petitioner's state habeas claim purportedly filed on December 21, 2009.

Petitioner has not demonstrated that equitable tolling should excuse his untimely filing. In general, under the doctrine of equitable tolling, a court may toll the statute of limitations to benefit an otherwise untimely litigant if the litigant can establish that (i) he had been pursuing his

5

rights diligently and (ii) some extraordinary circumstance prevented timely action. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005). The Seventh Circuit has suggested that equitable tolling might be applied to 28 U.S.C. §2244(d) "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007). At the same time, the court of appeals has stressed that "[e]quitable tolling is rarely granted" and recently observed that "we have yet to identify a petitioner whose circumstances warrant it." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Plaintiff does not argue for equitable tolling, and nothing in the record suggests that Plaintiff pursued his rights diligently yet was thwarted by some "extraordinary circumstance" that prevented him from complying with the limitations period set forth in § 2244. *Pace*, 544 U.S. at 418. Neither his *pro se* status nor his alleged "legal ignorance," [10] at 1, constitutes an "extraordinary circumstance." See *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004).

In short, the applicable one-year limitations period expired long before Petitioner filed the instant petition, notwithstanding his various attempts to pursue collateral relief in state court. Petitioner's contentions that he "has continuously sought review of his cause and adding all time, including the time tolled, * * * he is not late," are unavailing as a matter of fact, law, or both.

### III. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. See *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner Broyles must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). And in cases where a district court denies a habeas claim on procedural grounds, the court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See *Slack*, 529 U.S. at 485.

In view of the analysis set forth above, the Court concludes that Petitioner has not made a substantial showing that reasonable jurists would differ on whether his claims are time-barred under 28 U.S.C. § 2244(d)(1). Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IV.	Conclusion**

For these reasons, the Court grants Respondent Zach Roeckeman's motion to dismiss [7] Petitioner Leon Broyles's petition for habeas corpus as time-barred under 28 U.S.C. § 2244(d)(1). The Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

Dated: April 22, 2013

Robert M. Dow, Jr.
United States District Judge