Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7702 | **DATE** | 6/7/2013 |
| **CASE TITLE** | Broyles vs. Roeckeman | | |

**DOCKET ENTRY TEXT**

Before the Court is Petitioner's Motion for Extension of Time [14]. For the reasons stated below, the Court grants Petitioner's request for an extension of time. Should he choose to file a notice of appeal, Petitioner must do so no later than June 21, 2013. If Petitioner does choose to appeal, he will be liable for any appellate filing fee assessed irrespective of the outcome of his appeal.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

The Court denied *pro se* Petitioner Leon Broyles's petition for a writ of habeas corpus on April 22, 2013, after determining that his petition was untimely under 28 U.S.C. § 2244(d)(1). See [11], [12], [13]. The Court also declined to issue a certificate of appealability at that time. See [11], [12] at 6-7. To the extent that Petitioner in the instant motion seeks a certificate of appealability from this Court, the Court denies the request for the reasons set forth in its previous opinion [12].

Under Federal Rule of Appellate Procedure 4(a)(1), Petitioner had thirty days from the entry of judgment, or until May 22, 2013, in which to file his notice of appeal. Instead, Petitioner filed the instant motion on May 29, 2013 [FN 1], seeking an extension of time of sixty days in which to prepare and file a request for a certificate of appealability and a notice of appeal. See [14].

> [FN 1]  Because the Court's analysis is the same whether Petitioner's motion was filed before or after the 30-day deadline to appeal elapsed, see *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012), the Court need not address Petitioner's allegation that he did not receive notice of the final judgment in his case until "April 28 or 29," [14], or consider whether Petitioner's undated motion complied with the "prisoner mailbox rule" applicable to incarcerated litigants. See Fed. R. App. P. 4(c)(1); *Ingram v. Jones*, 507 F.3d 640, 643-44 (7th Cir. 2007).

In a civil suit such as this one, in which the United States or its officer or agency is not a party, a notice of appeal must be filed within 30 days from the entry of judgment. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Wells v. Ryker*, 591 F.3d 562, 564 (7th Cir. 2010). "The timely flng of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), that serves as a "prerequisite to appellate review." *Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (quoting *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008)). Courts have "no authority to create equitable exceptions to jurisdictional requirements." *Bowles*, 551 U.S. at 214; see also *Marquez v. Mineta*, 424 F.3d 539, 541 (7th

Cir. 2005) ("[J]udges do not have 'carte blanche' authority to allow untimely appeals."). Under Federal Rule of Appellate Procedure 4(a)(5), however, the Court may extend the time to file notice of appeal if a party so moves no later than thirty days after the original deadline for the filing of notice of appeal, and that party shows "excusable neglect or good cause." *Sherman*, 668 F.3d at 425. The longest extension that the Court may provide is thirty days beyond the original deadline. See Fed. R. Civ. P. 4(a)(5)(C).

Here, Petitioner has sought an extension of time within the period prescribed by Fed. R. Civ. P. 4(a)(5). The question thus becomes whether he has shown "excusable neglect or good cause" for his delay in seeking appellate review. "'The excusable neglect standard applies in situations in which there is fault; in such situations, the need for extension is usually occasioned by something within the control of the movant.' On the other hand, the good cause standard 'applies in situations in which there is no fault – excusable or otherwise.'" *Sherman*, 668 F.3d at 425 (quoting Fed. R. App. P. 4 cmt. 2002 Subdivision (a)(5)(A)(ii)); see also *Lorenzen v. Emps. Ret. Plan*, 896 F.2d 228, 232 (7th Cir. 1990).

Petitioner contends that the conditions of his incarceration prevented him from undertaking "necessary investigation and research in order to prepare and file a notice of appeal and ask the federal judge for a certificate of appealability." [14]. He claims that his place of incarceration has only one legal clerk for every 2000 inmates and that he has "limited law library time." *Id.* Petitioner also asserts that his "[r]eading and math level is 3.5 and 4.4 avage" [sic]. *Id.* Most courts have evaluated similar claims under the "good cause" standard, see, *e.g.*, *Vega v. Miller*, 2013 WL 867156, at *2 (E.D. Pa. Mar. 8, 2013) (collecting cases), although at least one has applied the "excusable neglect" standard where there was evidence that the petitioner had some access to the law library and "therefore some modicum of control over when he prepared and submitted the notice of appeal." *Stutesman v. Campbell*, 2007 WL 779754, at *2 (E.D. Cal. 2007). The Court concludes that a "good cause" analysis is appropriate here, as the reasons underlying Petitioner's request for an extension were not within his control. "[T]he contours of the good cause analysis are largely undefined," *Price v. Gen. Cable Indus., Inc.*, 466 F. Supp. 2d 610, 613 (W.D. Pa. 2006), though courts have held that the standard may be met where "forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citing *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000)). The Seventh Circuit has suggested that the "good cause" standard is more lenient than the "excusable neglect" one. See *Sherman*, 668 F.3d at 425.

Courts have concluded that "[l]egal services of the staff, law library clerk, or jailhouse lawyer are not needed to prepare a notice of appeal." *Vega v. Miller*, 2013 WL 867156, at *2 (E.D. Pa. Mar. 8, 2013); *Avery v. Hendricks*, 2006 WL 2627945, at *3 (D.N.J. Sept. 13, 2006); see also *Alston v. Pafumi*, 2012 WL 6093893, at *3 (D. Conn. Dec. 7, 2012); *Jackson v. United States*, 2011 WL 3300368, at *4 (E.D. Tenn. Aug. 1, 2011). The notice of appeal is a straightforward document; so long as the "intent to appeal from the judgment may be inferred from the notice and the appellee has not been misled by a defect in the notice * * * technical failure[s] in the notice [do] not preclude" the appeals court from reaching the merits. *United States v. Segal*, 432 F.3d 767, 772 (7th Cir. 2005); see also Fed. R. App. P. 3(c) (describing the required contents of a notice of appeal and suggesting that litigants refer to Form 1 in the Appendix of Forms); *Moran Foods, Inc. v. Mid-Atl. Mkt. Dev. Co.*, 476 F.3d 436, 440 (7th Cir. 2007) ("'[I]nept' attempts to comply with Rule 3(c) are accepted as long as the appellee is not harmed."). That said, "[p]rison conditions, such as lack of library access, may constitute 'good cause' in the context of Rule 4(a)(5)." *Vega v. Miller*, 2013 WL 867156, at *2 (E.D. Pa. Mar. 8, 2013). Here, Petitioner alleges not only inadequate law clerk access but also "limited law library time." Although "little legal research is necessary to meet the basic requirements of a notice [of] appeal * * * the [C]ourt understands that a responsible litigant would want to research the law before deciding *whether* to appeal." *Jackson v. City of Montgomery, Ala. Fire Dep't*, 2010 WL 2925735, at *2 (M.D.

| STATEMENT |
|---|

Ala. July 21, 2010). Moreover, Petitioner contends that his "reading and math level is 3.5 and 4.4 avage," [sic], which suggests to the Court that Petitioner may have had further difficulties in timely undertaking the "necessary investigation and research in order to prepare and file a notice of appeal and ask the federal judge for a certificate of appealability." [14]. The Court affords Petitioner the benefit of the doubt and concludes that he has demonstrated good cause for an extension of time. The Court therefore grants Petitioner's motion.

Petitioner is given until June 21, 2013 to file a notice of appeal if he wishes to do so. If Petitioner does choose to appeal, he will be liable for any appellate filing fee assessed irrespective of the outcome of his appeal. *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Petitioner must also seek a certificate of appealability from the Seventh Circuit, as the Court previously has declined to issue one. See [12] at 6-7. The Court notes that a notice of appeal is itself construed as a request for a certificate of appealability, see Fed. R. App. P. 22(b)(2); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008), though "a petitioner who relies on his notice of appeal is hard put to meet the statutory standard, for a certificate of appealabiltiy may issue only when 'the applicant has made a substantial showing of the denial of a constitutional right.'" *West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(2)). "What's more, questions of statutory interpretation, such as whether the petition was timely, do not qualify for a certificate, because they do not concern the Constitution." *West*, 485 F.3d at 395.